**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the matter of Thomas Pelzer, Appellant.

Appellate Case No. 2018-001690

_____

Appeal From York County
Tony M. Jones, Family Court Judge

_____

Unpublished Opinion No. 2020-UP-122
Submitted April 1, 2020 – Filed April 29, 2020

_____

**REVERSED AND REMANDED**

_____

Thomas Pelzer, of Catawba, pro se.

_____

**PER CURIAM:** Thomas Pelzer appeals the family court's denial of his petition to change his name. On appeal, he argues the family court (1) erred by denying his name change based solely on his criminal history, (2) erred by finding convicted felons could not petition the court for a name change, and (3) created a fraud-like practice by accepting court fees from felons "only to reject the case once they've paid and walked thr[ough] the door." We reverse and remand.

During the hearing on Pelzer's petition for a name change, the family court explained it could not grant Pelzer's request because he was a convicted felon. The court further explained the South Carolina Code did not permit convicted felons to change their names. However, section 15-49-20 of the South Carolina Code (Supp. 2019), gives the family court discretion in determining whether to grant or deny a name change and specifically contemplates the possibility of granting a

name change to a petitioner with a criminal record. *See* § 15-49-20(B), (C) (providing the court may conduct a hearing and "[f]ollowing [that] hearing and upon consideration of the petition, the reason contained in the petition, and other documentation before the court, the judge must determine and grant or refuse the name change as the judge considers proper, having a due regard to the true interest of the petitioner and protection of the public"); § 15-49-20(D) ("*If a petitioner is found to have a criminal record as indicated by the background check and the court grants the petition* for a name change, the clerk of court must notify the State Law Enforcement Division of the petitioner's new name." (emphasis added)). Accordingly, we reverse and remand this case for the family court to hold a new hearing and use its discretion in determining whether to grant or deny Pelzer's petition.

**REVERSED AND REMANDED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.